# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO: 3:08-CV-507-MR-DCK

| | |
|---|---|
| PAUL D. CARTY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | MEMORANDUM |
| WESTPORT HOMES OF NORTH ) | AND REPORT |
| CAROLINA, INC., WNPC ) | |
| DEVELOPMENT, LLC, ) | |
| JOHN B. SCHEUMANN, ) | |
| STEVEN M. DUNN, and ) | |
| CHARLES D. SCHEUMANN, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Motion to Dismiss" by Westport Homes of North Carolina, Inc., WPNC Development, LLC (Document No. 7) filed on December 11, 2008, and the "Motion to Dismiss" (Document No. 9) filed on December 11, 2008 by John B. Scheumann, Steven M. Dunn, Charles D. Scheumann. The motions have been referred to the undersigned Magistrate Judge pursuant to U.S.C. §636(b) and immediate review is appropriate. Having fully considered the record, the undersigned recommends that both motions to dismiss be **<u>denied as moot without prejudice</u>**, based upon the following proposed findings of fact and conclusions of law:

## I. Procedural History

On October 6, 2008, the Plaintiff filed his complaint in Mecklenburg County Superior Court, Case Number 08-CVS-22185, alleging claims of breach of contract, unjust enrichment, constructive

fraud, breach of fiduciary duty, civil conspiracy, unfair and deceptive trade practices, tortious interference with contract, and economic duress against the five Defendants. The Defendants removed the case to federal court on November 11, 2008. (Document No. 1). The Defendants filed their motions to dismiss on December 11, 2008. (Document Nos. 7, 9). After being given additional time to respond, the Plaintiff filed a brief in opposition on January 16, 2009. (Document No. 16). On the same date, the Plaintiff also filed an "Amended Complaint" which supersedes the initial Complaint filed in state court. (Document No. 17).

The Defendants thereafter filed two new "Motions to Dismiss" pertaining to the Amended Complaint. (Document Nos. 25, 27). Plaintiff has responded in opposition. (Document No. 29, 30). The Defendants filed additional citations to authority and respective replies. (Document No. 31, 35, 36).

## II. Conclusions of Law

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. *Accord Young v. City of Mount Ranier*, 238 F. 3d 567, 573 (4th Cir. 2001) ("[t]he general rule ....is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect); *Colin v. Marconi Commerce Systems Employees' Retirement Plan*, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) (defendants' earlier motion to dismiss was rendered moot by the filing of plaintiff's second amended complaint); *Turner v. Kight*, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint).

"A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case

and any subsequent motion made by an opposing party should be directed at the amended pleading." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1476 (2d ed. 1990); *and see, e.g., Brown v. Sikora and Associates, Inc.*, 2008 WL 1751934, *3 (4th Cir. (S.C.)); *Atlantic Skanska, Inc.*, 2007 WL 3224985, *4 (W.D.N.C.); *Hi-Tech, Inc. v. Rising*, 2006 WL 1966663, *3 (W.D.N.C. July 11, 2006).

Given that the Plaintiff has filed an Amended Complaint, the two initial "Motions to Dismiss" (Document No. 7, 9) have been rendered moot and should be dismissed. The two subsequent "Motions to Dismiss" (Document No. 25, 27) pertain to the Amended Complaint and will be considered in a separate memorandum and order.

**IT IS, THEREFORE, RECOMMENDED** that the "Motion to Dismiss" by Westport Homes of North Carolina, Inc., WPNC Development, LLC (Document No. 7) and the "Motion to Dismiss" (Document No. 9) by John B. Scheumann, Steven M. Dunn, Charles D. Scheumann should both be **DENIED without prejudice as moot.**

**Notice of Appeal Rights**

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions law and the recommendations contained in this memorandum must be filed within ten (10) days after service of same. *Snyder v. Ridenour*, 889 F.2d 1363, 1365 (4th Cir.1989); *United States v. Rice*, 741 F.Supp. 101, 102 (W.D.N.C.1990). Failure to file objections to this memorandum with the District Court constitutes a waiver of the right to *de novo* review by the District Court, *Snyder*, 889 F.2d at 1365, and may preclude the parties from

raising such objections on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir.1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.1984).

Signed: April 20, 2009

David C. Keesler
United States Magistrate Judge